IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-526 (5) |
| | § | C.A. No. 07-211 |
| MANUEL MENDOZA, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Manuel Mendoza's ("Mendoza") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 173),[1] which was received by the Clerk on May 7, 2007. The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Mendoza's motion is subject to dismissal because he waived his right to file the claims he raises therein. Additionally, even if the claims were properly before the Court, they fail on their merits. For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Mendoza a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-06-526.

1

## II.  FACTS AND PROCEEDINGS

On July 26, 2006, Mendoza and five co-defendant were named in a multi-count indictment. (D.E. 1.)  Mendoza was named in two counts. Specifically, Count One charged him with conspiracy to distribute more than one thousand (1,000) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Count Four charged him with knowingly and intentionally possessing with intent to distribute approximately one hundred and ten (110) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1.)  On September 26, 2006, Mendoza pleaded guilty to Count Four of the indictment, pursuant to a written plea agreement.  (D.E. 95, 98.) In exchange for his guilty plea to Count Four and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that Mendoza receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 98 at ¶¶ 1-2.)  The government also agreed to recommend that Mendoza be given a two-level adjustment  for "minor role" under U.S.S.G. § 3B1.2(b) and to move for the dismissal of Count One at sentencing.

The plea agreement contained a voluntary waiver of Mendoza's right to appeal and to file a § 2255 motion:

> The Defendant waives his/her right to appeal both the conviction and the sentence imposed.  The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  The defendant may appeal only (a) the sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in Title 18, United States Code, Section  3742(b). Additionally, the defendant is aware that Title 28, United States Code, Section  2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has

> become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 98 at ¶ 7 (emphasis in original).)  The agreement is signed by both Mendoza and his counsel. (D.E. 98 at 5.)

The Court questioned Mendoza under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence.  According to the electronic recording of the rearraignment, after informing him regarding the waiver of his appellate rights, the Court also ensured that Mendoza understood he was waiving his right to file a § 2255 motion:

> THE COURT: . . .You're also giving up another very valuable right in this plea agreement that's separate and apart from the right to appeal; also a very personal right.  That is the right to file a post-conviction remedy, wherein you could attempt to set aside your conviction and/or your sentence, by challenging such matters as ineffective assistance of counsel, jurisdiction, or constitutionality, to name a few.  But if you go forward today, you also give up those rights forever in this case.  Do you understand that? ... Mr. Manuel Mendoza?
>
> THE DEFENDANT: Yes, ma'am.

(Digital Recording of September 26, 2006 Rearraignment ("R. Rec.") at 10:17-10:18.)

After the prosecutor had summarized the agreement, including a reference to the waiver provision, Mendoza testified that the agreement was his, that it was his entire agreement, and that he understood it. (R. Rec. at 10:19-10:20.)  He identified the physical document as his agreement, testified that it was his signature on the last page, and also testified that he read the document before he signed it, and that he had discussed it completely with his attorney before he signed it. (R. Rec. at 10:21-10:22.)  He further testified that there were no other promises or agreements made to him other than what was in the agreement.  He specifically testified that no one had promised him leniency, that

3

he would get a motion for downward departure, or that he would receive the benefit of the safety valve. (R. Rec. at 10:20.)

It is clear from the foregoing that Mendoza's waiver of his § 2255 right was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea). His testimony establishes that he had read and understood his plea agreement, that his decision to plead guilty was not induced by any promises outside of the agreement, and that he specifically understood the waiver provision.

The Court sentenced Mendoza on December 12, 2006 to 60 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and also imposed a $100 fine and a $100 special assessment. (D.E. 122, 129.) Judgment of conviction and sentence was entered December 15, 2006. (D.E. 129.) Consistent with his waiver of appellate rights, Mendoza did not appeal.

The Clerk received the instant § 2255 motion from him on May 7, 2007. It is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Mendoza lists two grounds for relief. It is not clear the exact argument he is making in either, however. In his first claim, he appears to argue that he should have received relief pursuant to the safety valve.[2] He argues that United States v. Booker, 543 U.S. 220 (2005), requires a Court to impose a sentence pursuant to the advisory sentencing guidelines when a defendant meets the safety valve's eligibility requirements. Second, he appears to be claiming that the Court erred in concluding that the mandatory minimum sentence was required to be imposed, thereby rendering his credit for acceptance of responsibility meaningless. Again, he relies on Booker. (D.E. 173.)

---

[2] The so-called "safety valve" is set forth at 18 U.S.C. § 3553(f) and in the Guidelines at § 5C1.2. It is discussed in detail infra at Section IV.C.

4

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Mendoza has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that Mendoza's motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  Nowhere in his motion does Mendoza challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Instead, both of his claims allege errors by the Court at sentencing.  Thus, his claims fall within the scope of his waiver, and are subject to it.

Moreover, the record is plain that his waiver was knowing and voluntary, and therefore enforceable.  It is clear from the rearraignment recording that Mendoza understood that he was

5

waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See supra at 2-4; see Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Mendoza's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Here, those statements show that Mendoza voluntarily and knowingly waived his § 2255 rights.

In sum, the Court concludes that Mendoza's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

**C.     Merits Of Mendoza's Claims**

Even if they were properly before the Court, moreover, Mendoza's claims fail on their merits. In both, he claims an entitlement to a sentence less than the 60-month mandatory statutory minimum. Even though post-Booker, the federal sentencing guidelines are deemed advisory, the statutory minimums still apply and are not discretionary. United States v. Farias, 469 F.3d 393, 401 & n.26 (5th Cir. 2006), petition for rehearing denied, 481 F.3d 289 (2007); United States v. Krumnow, 476 F.3d 294, 297 (5th Cir. 2007); see also Farias, 481 F.3d at 291 n.4 (order denying petition for rehearing and noting that "[a]lthough post-Booker judges have discretion to sentence outside of the Guidelines range, nothing in Booker suggests that they have discretion to select the statutory mandatory minimum, which appears in the text of the criminal statute itself and not in the Guidelines.")

The only way that Mendoza could have received a sentence below the statutory minimum was if he had received the benefit of the safety valve or the government had moved for a reduction in sentence due to his substantial assistance. See Krumnow, 476 F.3d at 297 (stating same for firearm-

possession sentence and relying on United States v. Phillips, 382 F.3d 489 (5th Cir. 2004), a drug possession case).  The government did not move for a reduction in sentence based on substantial assistance, and Mendoza did not – and does not now – claim that he is entitled to a substantial assistance reduction.

Instead, Mendoza argues that he should be entitled a safety valve reduction.  The safety valve allows the court to sentence certain defendants without regard to the statutory minimum.  U.S.S.G. § 5C1.2.  A defendant must meet all of the following criteria to be eligible for the safety valve:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).  Although it appears from his PSR that Mendoza met the first four requirements to qualify for safety valve relief, there is no evidence that he satisfied the fifth requirement for safety valve relief, i.e., that he truthfully debriefed to the government prior to sentencing.  That is, the PSR does not state that Mendoza ever debriefed with the government.  Additionally, Mendoza told the Court that he had read the PSR in its entirety and discussed it completely with his attorney.  (Digital Recording of December 12, 2006 Sentencing ("S. Rec.") at 2:30.)  There were no objections to the

PSR, and Mendoza confirmed that there were no mistakes in the report. (S. Rec. at 2:32.) Similarly, there was no discussion at his sentencing as to whether Mendoza qualified for safety valve relief and his counsel never asked for it. Again, this is presumably because he did not debrief. Without debriefing, Mendoza did not qualify for the safety valve. Thus, there was no means for him to receive a sentence below the 60-month mandatory minimum.

Accordingly, both of his § 2255 claims, which claim he should have been sentenced to less than sixty months, fail on the plain record of this case. Even if his motion were properly before the Court, then, it would be denied on its merits.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Mendoza has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires

a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Mendoza's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the Court's conclusion that Mendoza's claims are barred by his waiver, the Court finds that Mendoza cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that Mendoza's waiver bars his claims. Accordingly, Mendoza is not entitled to a COA.

## V. CONCLUSION

For the above-stated reasons, Mendoza's motion under 28 U.S.C. § 2255 (D.E. 173) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 15th day of May, 2007.

_____
Janis Graham Jack
United States District Judge